UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Syl Johnson, a/k/a Sylvester   Thompson | ) | |
| and Syl-Zel Music Company | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge: |
| | ) | |
| Starter Corporation, Official Starter Properties, | ) | Magistrate: |
| Official Starter, Nike Inc., and | ) | |
| Iconix Brand Group, Inc., | ) | **JURY TRIAL DEMANDED** |
| | **)** | |
| Defendants | ) | |
| | ) | |

## COMPLAINT

**NOW COMES** Plaintiffs Syl Johnson a/k/a Sylvester Thompson (hereinafter "Johnson")

and Syl-Zel Music Company (hereinafter "Syl-Zel"), by and through their legal counsel, Vernon

W. Ford, Jr. of Vernon Ford & Associates and Harris of the Law Group, P.C., and complains of

Defendants Starter Corporation, Official Starter Properties, Official Starter, Nike, Inc. and Iconix

Brand Group, Inc. In support of this complaint, Plaintiffs state the following:

### JURISDICTION AND VENUE

1.      Jurisdiction is based upon the Illinois Common Law and the copyright laws

pursuant to 17 U.S.C. § 101, *et. seq.*

2.      This court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §

1367 for the state law claims and 28 U.S.C. § 1338(a) §1331, §1332 and §1367(a). The amount

in controversy in this matter is well in excess of $75,000.00 exclusive of interest and costs.

3.      This Court has personal jurisdiction over this matter because, on information and

belief, the Defendants, without consent or permission of the copyright owner, disseminated

1

copyrighted works owned or controlled by Plaintiffs. On information and belief, illegal dissemination occurred and continues to occur in every jurisdiction in the United States, including the Northern District of Illinois.

4.      Venue is proper under  28 U.S.C. § 1391 and 1400(a) because Johnson recorded "Different Strokes" in this district and the infringing work which sampled portions of Johnson's work described herein were, and currently are marketed and promoted in this district.

## PARTIES

5.      Syl Johnson is a citizen and resident of Illinois.

6.      Syl-Zel is an Illinois Corporation with its principal place of business at 3316 W. 59th Street, Chicago, IL 60629. Syl-Zel is in the business of music publishing and administration and is the publishing administrator for John Cameron and John Zachary, writers of the composition, "Different Strokes."

7.      Upon information and belief, Defendants Starter Corporation, Official Starter Properties, Official Starter, (hereinafter, collectively "Starter") is a Delaware corporation with its principal place of business at 370 James Street, New Haven, CT 06513. Upon information and belief, Starter is engaged in the business of manufacturing, selling, marketing and promoting athletic wear. Starter's marketing and promotional commercials are at issue in this lawsuit.

8.      Upon information and belief, Defendant Nike, Inc. (hereinafter "Nike") is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, OR 97005. Nike is engaged in the business of manufacturing, selling, marketing and promoting athletic wear.  Nike purchased Starter as a subsidiary on August 11, 2004 and remained their parent company until November 15, 2007.

2

9.    Upon information and belief, Defendant Iconix Brand Group, Inc. (hereinafter "Iconix") is a Delaware corporation with its principal place of business at 1450 Broadway, 3rd Floor, New York, NY 10018. Iconix is engaged in the business of management, licensing, marketing and promoting of brands in athletic wear. Iconix purchased Starter as a subsidiary on November 15, 2007 and remains their parent company as to date.

## BACKGROUND
### I. Plaintiff's Ownership of Copyright

10.    Johnson is a well-known soul musician/singer and recording artist. Johnson is also a music composer and publisher doing business under the name Syl-Zel.

11.    As early as 1959, Johnson made his solo debut as a music recording artist.

12.    On or about July 16, 1967 John Cameron and John Zachary (hereinafter "the writers") created and wrote the original musical composition entitled "Different Strokes."

13.    On or about July 16, 1967, Johnson produced, sang and made a sound recording of the original composition "Different Strokes."

14.    On or about August 14, 1967, the writers registered the copyright of the original musical composition "Different Strokes" with the United States Copyright Office and secured Certificate of Registration No. EU9873 and EU8201. *A copy of Copyright EU 9873 is attached hereto and Marked as Exhibit "A".*

15.    On or about August 14, 1967, the writers duly assigned to Johnson as a music publisher, all rights, title, and interest in and to the original musical composition and all copyrights thereto, together with the right to register the statutory copyright therein. Syl-Zel entered into a publishing agreement with both of the writers to administer the publishing.

16.     Johnson owns the rights to the original sound recording of the original musical composition. Johnson's rights in the original sound recording are protected under Illinois common law.

17.     Plaintiff is the owner of the copyrights regarding the original musical composition under copyright registration numbers EU-9873 and SRU 36-720, issued by the Copyright Office of the United States on August 14, 1967 and February 26, 1996, respectively, and possess and own all rights, title and interest therein.

18.     "Different Strokes" was distributed to the public to great acclaim and popularity.

19.     "Different Strokes" has been sampled by several other acclaimed artists, including but not limited to, MICHAEL JACKSON, WILL SMITH, KID ROCK, KRS ONE, TUPAC SHAKUR, NWA, THE REFUGEE CAMP, BOOGIE DOWN PRODUCTIONS and PEEDI CRAKK & YOUNG CHRIS.

## II.  Defendants' Unlawful Conduct

20.     Defendants were and are aware of Plaintiffs' exclusive rights in the original musical composition.

21.     Without Plaintiffs' knowledge or consent, Defendants collectively infringed on the copyright of the original musical composition. Defendants did so by copying a portion of the original musical composition and including it in a new composition used in two of Starter's commercial promotions without the permission of the writers or publisher.

22.     Further, without Plaintiffs' knowledge or consent, Defendants collectively infringed on Johnson's copyright of the original sound recording by sampling excerpts of the original sound recording "Different Strokes" without Johnson's authorization.

23.     Defendants were aware at all times relevant to this complaint that "Different Strokes" was the original expression of Plaintiff, and that it was not the original expression of Starter, any other Defendant, or anyone else associated with Defendants, and that the work was and continues to be protected by copyright.

24.     On information and belief, Defendants never attempted to obtain permission to copy or sample Plaintiffs' original musical composition or original sound recording.

25.     In 1992, Starter released two commercials promotions, approximately twenty-nine seconds each. The commercials were identical, except for the celebrities who appeared in them. The commercials were made for marketing and promotional purposes and depicted celebrities clothed in Starter athletic wear.

26.     On information and belief, the commercials include an audio song, which samples Johnson's original sound recording of "Different Strokes." The sample is played nine times throughout both of the twenty-nine second commercials.

27.     Johnson is not credited in any way in the commercials.

28.      On information and belief, Defendants used and continue to use the commercials for marketing and promoting Starter athletic wear, infringing Plaintiffs' rights.

29.     On or about March 13, 2014, Defendants posted a link of the commercial to the Starter Facebook© page.

30.     On information and belief, both commercials were posted on © YouTube, LLC. The first was posted on September 14, 2008, and can be found when searched for "1992 Starter Athletic Wear Commercial." The second was posted on August 23, 2013 and can be found when searched for "Starter Clothing Commercial."

31.     Defendants were not authorized to copy or sample "Different Strokes." Defendants have not paid any royalties or other compensation to Plaintiffs for Defendants' copying and unauthorized uses of Plaintiff's work.

**COUNT I:**
**COPYRIGHT INFRINGEMENT**

32.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 31.

33.     Plaintiffs own the registered copyright to the original musical composition "Different Strokes."

34.     Defendants are aware that Plaintiffs own the copyrights to "Different Strokes" as Defendants had access through reasonable opportunity to hear Johnson's original sound recording of "Different Strokes" because of its distribution to the public to great acclaim and popularity, as well as through other artists sampling of "Different Strokes."

35.     Plaintiffs have the exclusive rights to authorize any changes in the original authorized performance, reproduction, and distribution of the work pursuant to 17 U.S.C. § 101.

36.     Defendants, without permission by Plaintiffs, incorporated "Different Strokes" into two commercials.

37.     Defendants' conduct violated 17 U.S.C. § 106, and are therefore liable under 17 U.S.C. § 501.

38.     Defendants' infringing acts were and continue to be committed willfully.

39.     Plaintiffs are entitled to recover all damages sustained as a result of Defendants' unlawful conduct.

## COUNT II:
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

40.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 39.

41.     Plaintiff, as the owner of the registered copyright in the original musical composition, has the exclusive right to authorize the performance, reproduction, and distribution of this work pursuant to 17 U.S.C. § 106.

42.     Upon information and belief, Nike reproduced Johnson's original sound recording in the infringing commercial.

43.     Upon information and belief, Iconix reproduced Johnson's original sound recording in the infringing commercial, and continues to do so to date.

44.     Nike and Iconix willfully contributed the infringing on Plaintiffs' copyrights.

45.     Plaintiffs are entitled to recover all damages sustained as a result of Nike and Iconix contributory copyright infringement.

## COUNT III:
## TORTIOUS INFRINGEMENT OF COMMON LAW COPYRIGHT

46.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 45.

47.     Johnson's right in the sound recording is protected under Illinois common law.

48.     Defendants have misappropriated the sound recording of Johnson's original sound recording of "Different Strokes." Defendants have tortuously interfered with Plaintiff's common law copyrights in his original sound recording.

49.     Plaintiff has been irreparably harmed by Defendants' common law copyright-infringing conduct and has no adequate remedy at law.

**COUNT IV**:
**UNFAIR COMPETITION**

50.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 49.

51.    Defendants have engaged in unfair competition by creating a likelihood of confusion as to the source of the sample in the audio song used in the two commercials.

52.    Defendants have repeatedly sampled Johnson's original sound recording of "Different Strokes" in the audio song of the commercials without crediting Johnson as the source.

53.    Defendants were aware at all times relevant to this complaint that "Different Strokes" was the original expression of Plaintiff, and that it was not the original expression of Starter, any other Defendant, or anyone else associated with Defendants, and that the work was and continues to be protected by copyright.

54.    Defendants' failure to credit Johnson in the commercial creates a likelihood of confusion as to the source of the sample, allowing the public to believe that the audio song is the original expression of the defendants instead of Johnson.

55.    Defendants' actions have and will continue to damage Plaintiffs irreparably.

**COUNT V**:
**FRAUD**

56.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 55.

57.    Defendants knowingly used a sample of "Different Strokes" in the commercials.

58.    Defendants knew that Plaintiffs owned the rights to the composition.

59.     On information and belief, Defendants have engaged in fraud by misrepresenting that the commercial's audio song that samples Johnson's original sound recording of "Different Strokes" was the original expression of the defendants instead of Johnson.

60.     Defendant's fraudulent misappropriation of Plaintiff's sound recordings constitute fraud under Illinois common law and has caused, and is causing irreparable harm to Plaintiffs and their property, and will continue unless injunctive relief is granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Syl Johnson and Syl-Zel Music Inc., prays that the Court grant the following relief in their favor:

1.     Permanently restrain and enjoin Defendants and all persons acting in concert with Defendants from infringing Plaintiffs federal and common-law copyrights, specifically from continuing to use the commercials that sample Plaintiffs original musical composition or sound recording, including removing them from the internet, social media pages, and any other source that the commercials may be viewed by the public, pursuant to 17 U.S.C. § 502.

2.     Pursuant to 17 U.S.C. § 503, order the impounding of all the copies of the two commercials that sample Plaintiffs original musical composition and sound recording, in Defendants control that were made or used in violation of Plaintiffs federal and common law copyrights pursuant to 17 U.S.C. § 106.

3.     Award Plaintiffs actual damages in the form of the fair market value of a license to use the musical composition and sound recordings included in the commercials within the three-year look back period.

4.     Award Plaintiffs attorney fees and costs pursuant to 17 U.S.C. § 505.

5.      Award punitive damages appropriate to the egregious nature of Defendants' tortuous conduct; and

6.      Award such other relief as is warranted by the facts and the law and is just under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues properly tried before a jury.

Dated: July 14, 2014                                Syl Johnson a/k/a Sylvester Thompson
                                                    and Syl-Zel Music Inc.


                                                    By: _____/s/ MAZIE A. HARRIS_____
                                                            One of its attorneys


Vernon W. Ford Jr.
ARDC No.: 0846554
Vernon Ford & Associates
111 W. Washington, Suite 1010
Chicago, Illinois 60602
(312) 455-2200
(312) 455-2205 Fax


Mazie A. Harris
ARDC No.: 6285519
The Harris Law Group, P.C.
111 W. Washington, Suite 1010
Chicago, Illinois 60602
(312) 551-1500
(312) 551-1507 Fax